**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| ORDER TAKER, INC., | : |
| | : |
|     Plaintiff, | : |
| | : |
| v. | :  CIVIL ACTION NO. |
| | :  1:11-CV-3867-RWS |
| DEDERT CORPORATION, | : |
| | : |
|     Defendant. | : |
| | : |

**ORDER**

This case comes before the Court on Plaintiff's Motion to Amend Judgment and/or Motion for Reconsideration [78]. After reviewing the record, the Court enters the following Order.

**Background**

This case arises out of an alleged oral agreement between Plaintiff and Defendant governing commissions Plaintiff was to earn on sales of spin flash dryers ("SFDs"). Plaintiff initiated this litigation by filing a Complaint in this Court, raising claims for breach of contract (Count I), quantum meruit (Count II), prejudgment interest (Count III), and attorneys fees and litigation expenses (Count IV) [1]. In the Complaint, Plaintiff alleges that Defendant breached its

agreement with Plaintiff by failing to pay Plaintiff commissions on two sales of SFDs to Arch Chemical—the first of which occurred on November 11, 2010, and the second of which took place on February 14, 2011.

On February 19, 2013, the Court granted Defendant's Motion for Summary Judgment [76]. As to Plaintiff's breach of contract claim, the Court found that the oral contract alleged by Plaintiff was a contract for an indefinite term and "therefore terminable at the will of either party" [76, p. 11]. Therefore, the Court found that Count I failed as a matter of law. As to Plaintiff's quantum meruit claim, the Court found that Plaintiff was not the procuring cause of the sales to Arch Chemical as Plaintiff was terminated from any alleged role with Defendant on May 20, 2009, and the sales did not occur until November 11, 2010, and February 14, 2011, respectively [Id., p. 14]. Accordingly, the Court found that Count II also failed as a matter of law. Because Plaintiff's substantive claims failed, the Court found that Plaintiff was not entitled to prejudgment interest (Count III) or attorneys fees/expenses of litigation (Count IV). On February 20, 2013, the Clerk entered judgment in favor of Defendant [77]. On March 6, 2013, Plaintiff failed its Motion to Amend Judgment and/or Motion for Reconsideration [78].

AO 72A
(Rev.8/82)

**Discussion**

**I.     Legal Standard**

Plaintiff has moved the Court to amend its judgment pursuant to Federal Rule of Civil Procedure 59.  Under Rule 59, the only grounds for granting a motion are "newly-discovered evidence or manifest errors of law or fact." Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007).

Plaintiff has also moved the Court for reconsideration of its summary judgment order [76].  Under the Local Rules of this Court, "[m]otions for reconsideration shall not be filed as a matter of routine practice[,]" but rather, only when "absolutely necessary."  LR 7.2(E), NDGa.  Such absolute necessity arises where there is "(1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact."  Bryan v. Murphy, 246 F. Supp. 2d 1256, 1258-59 (N.D. Ga. 2003).  A motion for reconsideration may not be used "to present the court with arguments already heard and dismissed or to repackage familiar arguments to test whether the court will change its mind."  Id. at 1259.  Nor may it be used "to offer new legal theories or evidence that could have been presented in conjunction with the previously filed motion or response, unless a reason is

3

given for failing to raise the issue at an earlier stage in the litigation." Adler v. Wallace Computer Servs., Inc., 202 F.R.D. 666, 675 (N.D. Ga. 2001). Finally, "[a] motion for reconsideration is not an opportunity for the moving party . . . to instruct the court on how the court 'could have done it better' the first time." Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), aff'd, 87 F.3d 1242 (11th Cir. 1996).

## II.  Analysis

As grounds for reconsideration, Plaintiff again asserts that a contract existed and that Plaintiff is entitled to damages under either its breach of contract claim or its quantum meruit claim. However, in support of its motion, Plaintiff relies on case law that already existed that the time of summary judgment briefing, Hemispherx Biopharma, Inc. v. Mid-South Capital, Inc., 690 F.3d 1216 (11th Cir. 2012) ("Hemispherx"), and on deposition testimony that was also available at that time. Motions to amend and motions for reconsideration should not be used to make arguments that should have been made before judgment was entered. Lussier v. Dugger, 904 F.2d 661, 667 (11th Cir. 1990); Bryan v. Murphy, 246 F.Supp.2d 1256, 1258-59 (N.D. Ga. 2003) ("[M]otions for reconsideration are not to be filed as a matter of course, but

4

only when 'absolutely necessary'"). As such, Plaintiff fails to meet the standard for amendment or reconsideration of this Court's order.

Even if the Court were to consider these arguments, Plaintiff's claim for breach of contract still fails as a matter of law because <u>Hemispherx</u>, 690 F.3d 1216, is distinguishable. In <u>Hemispherx</u>, a company requested an engagement letter from a potential sales agent. Although that engagement letter was never signed, the company's chief executive officer authorized the sales agent to begin work. The Eleventh Circuit found that the part performance exception to the statute of frauds applied. <u>Hemispherx</u>, 690 F.3d at 1227. In contrast, in this case, the parties did not exchange a contract, and there were no communications between Plaintiff and Guy Lonergan, the only person who had authority to hire Plaintiff as a sales agent. Also, there is no evidence of any conduct by Lonergan that would bind Defendant to the purported verbal agreement between Roger Lee (Plaintiff's agent) and Stewart Gibson. To the contrary, as soon as Lonergan heard about the agreement between Lee and Gibson, he informed Lee that he would not accept or ratify it. Further, Plaintiff does not address the undisputed facts that the only purported contract Plaintiff had in this matter was with an employee of Defendant who had no authority to enter into such

5

contracts and that the purported agreement was terminated over a year before the sales took place. As such, the Court did not err in granting summary judgment for Defendant on Plaintiff's breach of contract claim.

Plaintiff's quantum meruit claim also fails. Plaintiff has failed to make any showing that it was the procuring cause of the sales to Arch Chemical. Instead, Plaintiff only asserts what he did before his termination and refers to a purported contract made over a year before the sales occurred. To be the procuring cause of the sale, the sales agent must still be in negotiations with the prospective purchaser at the time the sale is consummated and the owner must be aware of the negotiations at the time of the sale. See Pittard Mach. Co. V. Mitsubishi Int'l Corp., 384 S.E.2d 423, 424 (Ga. Ct. App. 1989). There is no record evidence to show that Defendant knew that Plaintiff was engaged in negotiations with Arch Chemical after the termination on May 20, 2009. This situation is also distinguishable from Hemispherx, in which the sales agent was negotiating with potential purchasers with the knowledge of Hemispherx in the same month of the purchases. In this case, the sales occurred more than a year after Lee was terminated. As such, the Court did not err in granting judgment for Defendant on Plaintiff's quantum meruit claim.

## Conclusion

For the reasons stated above, Plaintiff's Motion to Amend Judgment and/or Motion for Reconsideration [78] is **DENIED**.

**SO ORDERED**, this   27th   day of August, 2013.

 

_____
**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)